IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ELIZABETH ANN HARVEY,

          Plaintiff,

   v.

ROCKWOOD PARK 2, et al.,

          Defendants.

Civ. No. 6:24-cv-01162-AA

**OPINION & ORDER**

AIKEN, District Judge.

    Self-represented Plaintiff Elizabeth Ann Harvery, seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below,

### LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency and the petition will be GRANTED.

However, the Complaint, ECF No. 1, does not coherently describe a claim. It is accompanied by a series a pseudo-legal documents and "Fee Schedules." It generally appears, from the attached materials, that Plaintiff was evicted by her landlord and that a general judgment of eviction was issued against Plaintiff in June 2024. Compl. 35-37. The Complaint contains cryptic references to "Failure to honor the Notice Intent" and "Blatant disregard of *(short example)* Mandatory Notice[;] Certificate of Assumed Name[;] Declaration of Political Status[;] All of which are published in the LRO *(Land Recording Office)*."

The Court is unable to discern what claim or claims are being made in the Complaint and no defendant, if served with the present Complaint, would understand what claims were being made against them. The Complaint will therefore be dismissed without service on Defendants. As Plaintiff is self-represented, dismissal will be with leave to amend. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about the facts of Plaintiff's case.

Plaintiff should explain, in plain language, what has happened, how she has been harmed, and why Defendants should be held liable for her injury. *See* Federal Rule of Civil Procedure 8(a) ("A pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief[.]" (emphasis added). Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint.

Because the Court will dismiss the Complaint with leave to amend, Plaintiff's Motion to Amend Remedy re: Complaint, ECF No. 5, is moot. Plaintiff may incorporate any amendments into her amended complaint. Plaintiff's "Enforcement of Default On Notice of Intent Documents Recorded on L.R.O. Provided to Defendant, Violation of ASN Status and Violation of Copywritten Tradename," ECF No. 9, appears to be a motion for order of default or a motion for default judgment. If so, the motion is DENIED as premature. Defendants have not been served and so cannot be defaulted.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED, but the Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendants. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of judgment of dismissal without further notice. Plaintiff's Motion to Amend Remedy re: Complaint, ECF No. 5, is DENIED as MOOT. Plaintiff's "Enforcement of Default On Notice of Intent

Documents Recorded on L.R.O. Provided to Defendant, Violation of ASN Status and Violation of Copywritten Tradename," ECF No. 9, which the Court interprets as a motion for order or judgment of default, is DENIED.

It is so ORDERED and DATED this ___16th___ day of October 2024.

                                              /s/Ann Aiken
                                              ANN AIKEN
                                              United States District Judge