IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ELIZABETH ANN HARVEY, | Civ. No. 6:24-cv-01162-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| ROCKWOOD PARK 2, et al., |  |
| Defendants. |  |

AIKEN, District Judge.

The Court previously granted Plaintiff's IFP Petition but dismissed the Complaint with leave to amend. Plaintiff was given thirty days in which to file an amended complaint. ECF No. 10. Plaintiff filed a document captioned "Amended Complaint in the form of an AFFIDAVIT OF TRUTH." ECF No. 11. Plaintiff has also filed a Motion for Default Judgment. ECF No. 12. For the reasons set forth below the Amended Complaint is DISMISSED without further leave to amend and the Motion for Default Judgment is DENIED as frivolous.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Amended Complaint contains a number of bizarre assertions, such as a claim that this Court "operates as an administrative Officer of Justice of Maritime jurisdiction," and that "[t]here are no judicial courts in America and have not been since 1789" and that Plaintiff "operates under the Land and Soil Jurisdiction, backed by common law," and "by the three Federal Constitutions." Am. Compl. ¶ 8.

Plaintiff complains that the Court "lacks proper jurisdiction over [Plaintiff]," a "living woman/vessel," apparently based on the Court's failure to produce an oath of office. Am. Compl. ¶ 7. However, Plaintiff has filed this action and so the Court's jurisdiction over Plaintiff is not at issue. Plaintiff also accuses the Court of treason, *Id.* at ¶ 9, apparently for dismissing the original Complaint. In addition to seeking hundreds of millions of dollars from the named Defendants, the Amended Complaint seeks twenty million dollars from the Court. *Id.* at ¶ 22.

The Amended Complaint contains no valid claims and does not describe Plaintiff's dispute with the named Defendants. The Amended Complaint fails to state

a claim and is therefore DISMISSED. The Court concludes that further leave to amend would be futile and dismissal shall be without further leave to amend. Plaintiff's Motion for Default Judgment, ECF No. 12, which seeks an award of hundreds of millions of dollars from the named Defendants and tens of millions of dollars from the Court, is DENIED as frivolous.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 11, is DISMISSED without further leave to amend. The Motion for Default Judgment, ECF No. 12, is DENIED as frivolous. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___19th___ day of September 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge